## BUNNELL vs. WEBB.

*Fourth District Court for San Francisco Co., Feb. T.*, 1858.

NOTICE—LIS PENDENS—BILL TO OPEN JUDGMENT.

*A.* obtained a judgment and decree in an action brought against *B.* to quiet title. *B.* moved for a new trial, which was granted upon condition of paying costs. *B.* appealed from the order and the appeal was dismissed. A *lis pendens* was placed on record at the time of the commencement of the action of *A.* v. *B.* Pending that action *B.* conveyed to *C.* Fourteen months after the dismissal of the appeal, *C.* filed a bill to have the judgment in *A.* v. *B.* declared void, or opened to allow him to come in and defend. *Held*, that *C.*, having taken the conveyance from *B.* with full notice of the pendency of the proceedings, (through the *lis pendens*,) could not, having failed to avail himself of his opportunity for a re-hearing, be permitted to maintain the action.

Bill filed to have a certain judgment and decree heretofore entered in the superior court of the city of San Francisco declared void and set aside, or opened to allow plaintiff to come in and defend. Upon the trial and by the records, etc., in evidence, in appeared that in 1853 certain real estate was conveyed to the wife of one *Boston*, who, with her husband, jointly executed to her grantor a power of attorney to sell and convey the same. On the 13th of February, he by virtue of the authority conferred by the power of attorney, conveyed to one *John A. Wenborn*. The power of attorney was never placed on record. Subsequent to the conveyance to *Wenborn* the attorney was lost on a steamboat, and with him the power of attorney. *Wenborn* afterwards, on the 13th of May, 1854, instituted an action in the said superior court, against *Boston* and wife, to quiet his title to the premises in question. Service was regularly made upon the defendants, the cause tried before a jury, and a verdict rendered in favor of plaintiff. At the time of the institution of the action a *lis pendens* was placed on record. Prior to the entry of a decree *Wenborn* died, and his death being suggested by his executor, *Samuel Webb*, one of the present defendants, (it does not appear whether before or after verdict,) the cause was continued, and in October, 1854, a decree was entered in his favor. In June, 1854, after the commencement of the action and the filing of the *lis pendens*, but prior to the trial, *Boston* and wife

conveyed their interest to one *David Calderwood.* On Nov. 6th, a motion was made on behalf of *Boston* and wife to have the judgment and decree vacated, and for leave to come in and defend. The motion was based upon the affidavit of *Boston* and *Calderwood*, to the effect that the former was absent at the time of the trial, and that the latter, as agent of the former during his absence, had mistaken the trial number of the case, and had therefore not appeared to defend it. The motion was granted, and a new trial ordered upon payment of costs. The costs were not paid, but defendant appealed to the supreme court. The appeal was, at the —— term of that court, 1855, dismissed, on the ground that the court below had granted the proper relief, to wit, a new trial. No further proceedings were had.

On the 8th March, 1855, *Calderwood* conveyed a one-half interest in the premises to *Hutchinson*, and on the 12th of November of the same year, he conveyed the remaining one-half interest to *Scott*. *Scott* and *Hutchinson·* convey to plaintiff *Bunnell* on the 12th of July, 1856.

*Samuel Webb*, as executor of *Wenborn*, conveyed in February, 1856, to one *Haynes.*

*Bunnell*, on the 25th Sept. 1856, filed this bill, making *Webb*, *Boston* and wife, and *Haynes*, parties defendant, to annul the judgment and decree of the superior court, or to have it opened and be allowed to come in and defend.

*W. W. Crane*, for plaintiff.

The only issue of fact presented by the pleadings is, whether plaintiff has any interest in the premises in controversy. The allegation in the complaint that *John A. Wenborn* died on the 3d or 4th of June, 1854, is not denied, and it was therefore unnecessary to introduce witnesses to prove the time of his death, although it was done.

*First.* Has the plaintiff any interest in the land? That he has, is thus established:

I. Both plaintiff and defendant claim through *Boston* and wife. *Wenborn*, in his complaint in the superior court, alleges, "that defendants (*Boston* and wife) on the 12th day of February, 1854, by

their attorney in fact, *John Stratton,* by deed of that date, (recorded, &c.) conveyed to plaintiff the above described real estate," (the premises in question.)

II. The deed from *Boston* and wife to *Calderwood,* dated June 3d, 1854.

III.(*a*) The deed from *Calderwood* to *Hutchinson,* dated Dec. 12, 1855 ; (undivided half.)

III.(*b*) The deed from *Calderwood* to *Scott,* dated March, 1856 ; (undivided half.)

IV. Deed from *Hutchinson* and *Scott* to plaintiff, dated July 24th, 1856.

*Second.* Can *Bunnell,* whose name does not appear upon the record of the suit of " *Wenborn* v. *Boston,*" but claiming through *Boston* an interest and title to the land then in controversy, maintain this to set aside the judgment in that action ? He can.

I. Because the alienation of the property was voluntary, and made when a *lis pendens* was on file, and *Bunnell* took with notice.

II. Because, even if no *lis pendens* was on file, being an assignee *pendente lite,* he is concluded by the decree. The plaintiff may make him in name as he is in fact, a party to the record. *Story Eq. Plea.,* §§ 342, and 409, and authorities cited. *Garhell* v. *Dallain,* 2 *Ball & B.* 167 ; 3 *Ves.* 314 ; 11 *Ves.* 104 ; 2 *Ark.* 174; *Murray* v. *Ballou,* 1 *Johns Ch.* 566 ; *Sedgwick* v. *Cleveland,* 7 *Paige,* 290 ; Chancellor *Jones,* in his opinion in *White* v. *Carpentier,* (2 *Paige,* 254,) says : " It is perfectly well settled that a decree in a suit can bind none but those who are parties, or acquire their rights from a party after the service of the subpoena and pending the suit."

III. Because all persons having an interest in the cause, either as devisees, remainder men, or purchasers, are aggrieved by the particular errors assigned in the decree, and may file a bill of review. *Story Eq. Plea.,* § 410.

IV. Because *Bunnell,* being in privity with *Boston* and wife in the judgment or decree, cannot attack it collaterally in any action where it may come in question. His only course is by an adverse proceeding to set it aside ; and this is true, though the judgment is void, as it is only void in consequence of something *dehors* the record. *Griswold* v. *Stewart,* 4 *Cowen,* 457.

*Third.* The verdict and judgment having been taken after the death of *Wenborn,* are absolutely void, 3 *Black.'s Com.* 308, and *n* (10) ; *Cooper* v. *Johnson,* 2 *Barn & Ald.,* 394 ; *Taylor* v. *Harris,* 3 *Bos. & Pul.,* 549 ; *Code,* § 16.

*Fourth.* Although " the death of *Wenborn* was suggested upon the record," (admitting that it was so suggested by the statement in the decree signed by the judge, " that the cause was continued in consequence of the death of plaintiff,") yet this was—

I. Not an error apparent upon the face of the record, because a party dying between verdict and judgment, the latter is good even if entered in his name, *code,* § 202 ; and all intendments being in favor of the regularity of the judgment, the court, to sustain it, will presume that the death occurred after verdict, until the contrary is proven.

II. The only mode formerly of continuing a suit after the death of a plaintiff, was by bill of review, *Story Eq. Plead.,* § 354. Our *code,* § 16, says, " the court, on motion, may allow the cause to be continued by or against his representative or successor in interest," which means that it must be *in the name* of the representative. In this case the final judgment is in the name of *Wenborn.*

*Fifth.* It is urged our bill was filed too late. But this is not a bill of review for errors apparent upon the face of the record, but because of constructive fraud in entering a judgment predicated upon a verdict in favor of a then deceased plaintiff. *Story Eq. Plead.,* § 419, 426-7.

*Sixth.* The plaintiff had not a complete remedy at law ; for, claiming through a purchaser *pendente lite,* he takes subject to the effect of the decree.

*H. S. Love,* for defendants.

*First.* Plaintiff *Bunnell,* cannot have the action of *Wenborn* v. *Boston et ux.,* re-tried or re-heard, because he was not a party to that action. No collusion is alleged between *Boston* and wife, and *Wenborn ;* the former do not complain of the judgment and decree taken against them—they are made parties defendant here. A party to an action can only have a case re-heard on the ground of surprise, or

fraud practised upon him by the other party. But *Bunnell* stands here in reality, as a mere stranger, because, not being an actual party to the former action, his title is not affected by the proceeding, and therefore his remedy at law is complete. If he owns the land in controversy he may bring ejectment, and—his title never having been questioned—he having no opportunity to be heard in the action against *Boston* and wife—he, in short, not having been a party to that proceeding—his rights rest, upon whatever merit they may possess, unaffected by the judgment rendered in that case.

*Second.* The court in which the former action was pending, gave the defendants in that action all the relief which the plaintiff seeks in this. A new trial was granted; he had therefore the right to have that action re-heard; it is true that the court imposed costs as a condition; that was in the discretion of the court, and this court will not interfere with the exercise of the discretion of a court of co-ordinate jurisdiction, and that too, in a case where it was unquestionably properly exercised; *Boston* and wife asked to be relieved against a judgment which was rendered against them through inadvertence or their own neglect; the court properly imposed costs; they had their right of appeal and exercised it, and the judgment of the court below was affirmed.

*Third.* If, as plaintiff contended, no suggestion of *Wenborn's* death was made upon the record, or entered thereon, and the proceedings were therefore irregular, they should have taken an appeal upon that ground, and have had the proceeding reversed. If the error did not appear upon the face of the record, and did nevertheless exist, they should have moved the superior court to set aside the proceedings for the irregularity, and upon a refusal by that court, they had their right of appeal. For every irregularity in a proceeding at law, which the party could have remedied in the court in which the proceeding was pending, it is not to be tolerated that, so long afterwards as he has attempted it in this case, he should be allowed to seek his remedy in a court of *equity.*

*Fourth.* But the objection that the death of *Wenborn* was not suggested upon the record does not exist, for the recital in the decree is sufficient; " This action having been continued in consequence of

the death of plaintiff, by his executor *Samuel Webb,* and the jury having found a verdict for the plaintiff, now therefore it is ordered, &c." The proceedings in the superior court will be presumed to be correct until the contrary is shown. The suggestion is sufficient between the parties to the action, and *a fortiori* as to third parties.

*Fifth.* Plaintiff contends that the decree is void, and is a cloud upon his title. If void, it cannot well be a cloud, but he has shewn no title, for he has not shown any possession in himself, or any title or possession in *Boston* and wife, through whom he claims. He has not shown that any of the defendants claim title to the premises, or that they are in possession. *Webb* disclaims all interest, and *Haynes* does not set up any, and none is shown. There is no proof of the death of *Wenborn,* except what appears from the suggestion upon. the record, and if that shows the fact, then plaintiff has nothing to complain of.

In any view of the case, the party had an adequate remedy at law.

*D. Rogers,* for defendant.

If the plaintiff had any rights or remedy they are lost.

The present proceeding is a bill of review, brought some twenty months after the enrolment of the decree. The time for an appeal had passed at the time of the filing of this bill, and therefore the bill will not lie. *Story Eq. Plead.,* § 410, and cases there cited; *Boyd* v. *Vanderkemp,* 1 *Barb. ch.,* 273; *Buckner* v. *Faker,* 7 *Dana,* 50. In the case of *Smith* v. *Clay,* (*Ambl.,* 745; 3 *Bro. Ch. Cas.,* 639,) *Lord Camden* stated the principle, that " as the court of chancery has no legislative authority, it could not properly define the time of bar by a positive rule; but that, as often as Parliament had limited the time of actions and remedies to a certain period in legal proceedings, the court of chancery adopted that rule, and applied it to similar cases in equity." Equity gives the same effect to statutes of limitation, as that which they receive from courts of law. *Lewis* v. *Marshall,* 1 *McLean,* 16; *Lewis* v. *Marshall,* 5 *Peters,* 460; *Bank of U. S.* v. *Daniel,* 12 *Peters,* 35; *Sharp* v. *Sharp,* 16 *Verm.,* 105; *Murray* v. *Coster,* 20 *Johns.,* 576; *Lansing* v. *Starr,* 2 *Johns. Ch.,*

150 ; *Kane* v. *Bloodgood,* 7 *Johns. Ch.,* 90 ; *McCrea* v. *Purmort,* 16 *Wend.,* 460 ; *Humbert* v. *Trinity Church,* 24 *Wend.,* 587 ; *Watkins* v. *Harwood,* 2 *Gill & J.,* 307.

HAGER, J.—This action is in equity brought for alternative relief, either to set aside and annul a judgment and decree of the superior court, in an equity action of *Wenborn* v. *Boston* and wife, or to open the same and make this plaintiff a defendant therein.

This plaintiff is not a party to the judgment and decree attacked, but claims as a privy in estate with, and as grantee of *Boston* and wife, to have an interest in the subject matter of the controversy.

*Wenborn's* action was instituted May 13, 1854, for the purpose of determining and silencing an alleged claim of *Boston* and wife to certain real estate purchased by him from them, which arose out of the circumstance of some deed being lost and unrecorded. At the time of the action a *lis pendens* was placed on record, according to the statute, and, *pendente lite, Boston* and wife, on the 3d June, 1854, as is claimed by plaintiff, conveyed the property to *Calderwood*; it was subsequently conveyed to other parties, until finally, on the 21st of July, 1856, it was conveyed to this plaintiff.

*Calderwood* and plaintiff respectively purchased with full notice of the action of *Wenborn,* and of all proceedings had therein up to the period of their respective purchases, and in this action they are in no better position than *Boston* and his wife would be had this suit been instituted by them.

On the 10th October, 1854, a judgment and decree was rendered in favor of *Wenborn,* and against *Boston* and wife, substantially to the extent of the relief prayed.

Subsequently a motion to open the judgment, and for a new trial was made. I find of record a statement of the grounds, etc., relied upon in support of this motion, which was filed October 27, 1854, and is signed by the attorney of *Boston* and wife and by *Calderwood,* who had prior to that time, received his conveyance, as agent of the defendants. This statement also contains an affidavit made by *Calderwood,* which was used in support of the motion. It appears then, that *Calderwood* purchased prior to the trial and judgment, and had notice

of the action through the recorded *lis pendens*, and that at the motion
for a new trial, he participated therein as the agent of *Boston* and
wife.    Under our *code* of practice, it was his privilege to have inter-
vened in the action in behalf of his own interest, and if he had de-
sired to protect his rights he would have done so.    In default thereof,
he can have no good reason to complain, nor can his successor in in-
terest, that *Boston* and wife did not properly defend the action.    Why
should they have done so, when they had conveyed all their interest
to *Calderwood*, who had purchased with notice of the pendency of the
action.

The motion for opening the judgment and a new trial was granted,
upon payment of costs.    An appeal was taken by *Boston* and wife to
the supreme court, which was dismissed on the ground that the in-
ferior court had granted all the relief sought.    The condition of
granting the rehearing—the payment of costs—was not complied with,
the costs never having been paid.    It was a condition precedent, and
therefore the judgment stands as it was originally entered, and this
plaintiff is a purchaser with full notice of it and all the proceedings
had in the action, and is in no better condition, and is entitled to no
more favorable consideration, than would be *Boston* and wife, if they
had retained their interest and were plaintiffs here.

It then remains to be seen whether, if *Boston* and wife were the
plaintiffs—

1st.  The judgment is void, and should be set aside ; or,

2d.  It should be opened, to allow them or this plaintiff to defend.

As I have stated, *Boston* and wife had a complete remedy by the
re-hearing ordered, and if necessary, by an appeal to the supreme
court in the other action, which if they had availed themselves of—
and there is no excuse given why they did not—this action would
have been unnecessary.    If the action and judgment of the superior
court had been at law, and *Boston* and wife still retained their interest
in the property, and had instituted this action, no sufficient case ap-
pears by the pleadings and proofs, to authorize a court of equity to
interfere and open the judgment, and grant them a re-hearing or new
trial.    This plaintiff, as their successor in interest, having purchased

with notice, is certainly entitled to no greater consideration, when he invokes the aid of this court in their and his own behalf.

The complaint must be dismissed, and judgment entered for defendant with costs.